UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MAG-V- INC. (Nonprofit Veteran Services
Organization),

                        Plaintiff,

            - against -

BROOKLYN LEGAL SERVICES
CORPORATION (Veteran Services
Department),

                       Defendant.
---------------------------------------------------------x

Not For Publication

**MEMORANDUM & ORDER**
17-CV-758 (PKC)

PAMELA K. CHEN, United States District Judge:

On February 6, 2017, *pro se* plaintiff Michael Erber ("Erber"), commenced this action on behalf of MAG-V Inc., a non-profit veterans services organization. Erber alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court grants Erber's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the limited purpose of the instant order. For the reasons discussed below, Erber is granted thirty (30) days from the date of this order to file an amended complaint, as detailed below.

## BACKGROUND

The Complaint does not state Erber's relationship to MAG-V Inc. or the specific services that MAG-V Inc. provides to veterans. It appears that some of MAG-V Inc.'s clients are now in State court and are in the process of being evicted. (Dkt. 1 ("Compl.") at 5.) The Complaint alleges that Defendant Brooklyn Legal Services Corporation, while representing some of these clients, has damaged Plaintiff MAG-V's "credibility and integrity" by "defaming the character of . . . Plaintiff and filing frivolous complaints . . . in an attempt to have the organization dissolved." (Compl. at 4). Plaintiff seeks, *inter alia*, monetary damages and an order that Defendant cease and

1

desist alleging that MAG-V, Inc. is not a legitimate 501(c)(3) corporation. (Compl. at 5).

## DISCUSSION

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed") (internal quotation omitted); *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*.") (internal quotation omitted) (emphasis in original).

### II. DEFICIENCIES IN THE COMPLAINT FILED IN THIS ACTION

A. <u>Non-Lawyer Erber Cannot Represent Plaintiff MAG-V</u>

The named plaintiff in the action is MAG-V Inc. However, Erber signed the complaint and the *in forma pauperis* application. A person who has not been admitted to the practice of law may not represent anybody other than himself. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (explaining that "an individual generally has the right to proceed *pro se* with respect to his *own* claims or claims against him personally, [but] the statute does not permit unlicensed laymen to represent anyone else other than themselves.") (internal alterations and quotations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that an unlicensed individual "may not appear on another person's behalf in the other's cause"). Moreover, only counsel may appear in federal court on behalf of a corporate entity. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) (stating that a corporation may appear in the federal courts only through licensed counsel); *McLean v. Wayside Outreach Dev. Inc.*, No. 13-CV-2963, 2014 WL 11350949, at *2 (E.D.N.Y. Oct. 14, 2014) (noting that not-for-profit entity was required to be represented by counsel in federal court). Accordingly, to the extent that Erber intends to bring this action on behalf of MAG-V Inc. or represent MAG-V, as a layman, he may not do so.

B. <u>Subject Matter Jurisdiction is Lacking in this Action</u>

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (internal quotation marks and citation omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, . . . and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met . . . ." *Perdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citing 28 U.S.C. § 1331 and 28 U.S.C. § 1332). "[B]ecause [subject matter jurisdiction]

3

involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Here, Erber asserts federal question jurisdiction. (Compl. at 3.) However, the Complaint fails to present a substantial federal question. Section 1331 gives the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law where federal law creates the plaintiff's cause of action or where the "well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). Even liberally construed, the Complaint does not identify any federal constitutional or statutory right that has been violated, nor does it allege facts from which to plausibly infer any such violation.[1] The Court, therefore, lacks subject matter jurisdiction over this action as currently pled.

## CONCLUSION

Accordingly, in light of Erber's *pro se* status, he is granted thirty (30) days' leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). Should Erber elect to file an amended complaint, he must state whether the corporate plaintiff is withdrawn, otherwise represented by counsel, and/or if he intends to pursue the action in his own name. Additionally, he must assert a basis for the exercise of the Court's jurisdiction.

---

[1] Furthermore, there is no basis for diversity jurisdiction, because Plaintiff states in the Complaint that both Plaintiff and Defendant are corporations that are incorporated in New York and have their principal places of business in New York. (Compl. at 3–4.)

4

Erber is advised that the amended complaint will completely replace—and does not supplement—the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. If Erber fails to comply with this memorandum and order within the time allowed, this action will be dismissed without prejudice. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 26, 2017
Brooklyn, New York